## HAMRICK v. STATE OF INDIANA.

[No. 24,922.   Filed January 6, 1926.]

From Marion Criminal Court (58,128); *James A. Collins,* Judge.

Jesse D. Hamrick was convicted of indirect contempt of the court, and he appeals. *Reversed.*

*Fred McCallister,* for appellant.
*Arthur L. Gilliom,* Attorney-General, for the State.

PER CURIAM.—This action is a proceeding for indirect contempt of court, brought by the appellee against the appellant by a petition for a citation for contempt filed in the criminal court of Marion county by the prosecuting attorney of the nineteenth judicial circuit. Said contempt proceeding was brought because the appellant refused to return to one Mrs. Rufus Hardy, the sum of two hundred dollars, paid by her to the appellant as an attorney's fee for defending her son in said court, after appellant had been orally ordered by the court to return said sum of money to Mrs. Hardy.

A citation for contempt was issued directing the appellant to appear and show cause why he should not be punished for contempt. Appellant filed a motion to discharge the rule to show cause, on the ground that the information filed therein, on which said rule was issued, did not state facts constituting a contempt. This motion was overruled and to which ruling the appellant excepted. Appellant then filed a verified answer, which was held insufficient, and he was found guilty of indirect contempt, and it was adjudged that he pay a fine and suffer imprisonment.

The state, by the attorney-general, has filed a confession of error herein, in which it is stated that the motion to discharge the rule to show cause should have been sustained, as the only contempt charged is the alleged contempt for disobeying a void order.

Upon the confession of error, the judgment is reversed, with directions to sustain appellant's motion to discharge the rule to show cause.